### A89A1586. McBRAYER v. DICKERSON.
(386 SE2d 173)

DEEN, Presiding Judge.

In August 1987 the appellee, then 14 years old, bought a loaded .22-caliber pistol for $20 from a man who approached him on the street as he was skateboarding. He kept the pistol hidden from his parents. Several weeks later he went to a fair with the appellant, also 14 years old, who was a childhood friend, and had the pistol concealed in his pants. Because he wanted to get on a ride, the appellee asked the appellant to hold on to his pistol for him during the ride. However, they got separated afterwards and the appellee was unable to retrieve his pistol that day. He testified that he did call the appellant or the appellant's brother that night and told them to store the gun in a safe place and not to use it until he could pick it up.

A few days later, however, the appellant took the pistol when he went to the lake with some other friends. The appellant knew that the semi-automatic pistol reloaded and recocked automatically, and knew how to work the safety catch. After shooting the pistol twice, the appellant continued to walk in some wooded area with his friends, with the gun cocked and the safety catch off. The gun accidentally discharged and fatally wounded one of the friends.

The parents of the victim sued the appellant, who filed a third-party claim against the appellee, alleging that the appellee negligently entrusted the gun to the appellant. The trial court granted summary judgment for the appellee, and this appeal followed. *Held*:

Liability for negligent entrustment of a firearm has been likened to that for negligent entrustment of an automobile, i.e., predicated in part upon the negligent act of the owner in lending a vehicle to another with actual knowledge of the other's incompetence or habitual recklessness. *Pitts v. Ivester*, 171 Ga. App. 312 (1) (320 SE2d 226) (1984). In the instant case the evidence was uncontroverted that the appellant knew how to operate the pistol, and there was no evidence that the appellant had ever been reckless with firearms, much less habitual in that vice. The appellant's evidence that he was a below-average student and on some occasions had entertained himself by throwing rocks at cars, did not demonstrate incompetence or habitual recklessness with firearms. Accordingly, the trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

Jones, Cork & Miller, Rufus D. Sams III, David A. Garland, for appellant.

Dozier & Akin, L. Z. Dozier, Martin, Snow, Grant & Napier, John C. Edwards, for appellee.